UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No: 00-6093 CIV - DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

UNITED STATES OF AMERICA

Plaintiff

vs.

SANDRA B. ELLIS

Defendant
_______________________________/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $8217.25, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $4068.91, plus interest thereafter on this principal from January 10, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.



WHEREFORE, plaintiff prays judgment against the defendant for the total of $12286.16, plus interest at 8.00 percent per annum on the principal amount of $8217.25, from January 10, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 19 day of JANUARY, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: ______________________
Mary F. Dooley
99 NE 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. (305)961-9311
Fax No. (305)530-7195

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS**

Sandra B. Ellis
2830 Summerset Dr
Fort Lauderdale, FL 33311
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 02-17-99.

On or about 01-22-86, 10-01-86 & 08-12-87, the borrower executed promissory note(s) to secure loan(s) of $2,500.00, $2,500.00 & $2,625.00, from Glendale Federal at 8.00 percent interest per annum. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 07-19-87 & 06-17-88, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $7,761.74 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 09-22-95, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $252.38 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $ 8,217.25 |
| Interest: | $ 3,480.01 |
| Administrative/Collection Costs: | $ 0.00 |
| Late Fees: | $ 0.00 |
| Total debt as of 02-17-99: | $11,697.26 |

Interest accrues on the principal shown here at the rate of $1.80 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 2/25/99

Name: [signature]
Title: LOAN ANALYST
Branch: LITIGATION BRANCH

GOVERNMENT EXHIBIT A

FEB 11 1986

# FLORIDA APPLICATION/PROMISSORY NOTE FOR A STUDENT LOAN AND LOAN GUARANTEE

*WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1087-4*

## SECTION I - TO BE COMPLETED BY THE STUDENT-READ THE INSTRUCTIONS

1 Social Security Number: 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
2 Last Name (Please Print): Ellis First: Sandra Middle/Maiden: B.
3 Birth Date: 6 Mo 17 Day 65 Yr
4 Permanent Home Address: Street 1640 NW 19 Ct.
5 Area Code-Phone No. for Item 4: (305) 523-6120
City: Fort Lauderdale State: Florida Zip Code: 33311
6 U S Citizenship Status: ☐ (a) U S Citizen ☐ (c) Neither ☑ (b) Eligible Non-Citizen
Alien Registration No. ____ Form No. ____
7 Total Number of Borrower's Dependents ____ List Ages 20
8 Permanent Resident of (State Name) Florida Since Mo 6 Yr 81
8 (a) County Code (See Table): 06
9 Intended Enrollment Status: ☑ Full Time ☐ Half-Time but Less Than Full Time ☐ Less Than Half-Time (Not Eligible)
10 Major Course of Study: Nursing
11 While in School You Intend to Live (Check One): ☐ With Parents ☑ On Campus ☐ Off Campus
12 Prior to this ... been ... the high school level? ☑ Yes ☐ No
13 Requested Loan Amount: $ 2500 00
14 Loan Period From Mo 1 Yr 86 To Mo 7 Yr 86
15 Have ... If yes, give details on a separate sheet of paper ... including ... payments have been made ...
16 Do you have any outstanding education loans? ☐ Yes ☑ No If yes, list below. Attach a separate sheet if more space is required. If no, ...

| 17 Name of Lender | City and State of Lender | Phone | | | | |
|---|---|---|---|---|---|---|
| None | | ( ) | A B C | | — | 00 |
| | | ( ) | A B C | | — | 00 |
| | | ( ) | A B C | | — | 00 |

| 18 Name of Parent/Guardian plus Adult Relative | Address | City | State | Zip | Phone Number | Employer |
|---|---|---|---|---|---|---|
| Stanley Ellis | 1640 NW 19 Ct. | Ft. Laud. | | | 523-6120 | |

19 Name and address of Lender ... : Glendale

## SECTION II - TO BE COMPLETED BY THE SCHOOL-INSTRUCTIONS ON REVERSE SIDE OF SCHOOL COPY

20 Name of School: Bethune Cookman College
21 Address: 640 Second Ave.
City: Daytona Beach, State: FL Zip Code: 32015
22 Loan Period (Mo/Day/Yr) From 1/8/86 To 7/25/86
23 Borrower's Grade Level: 1
24 Anticipated Graduation Date: Mo 5 Yr 89
25 School Code: 001467
26 Area Code/Phone Number: (904) 255-1401
27 Dependency Status (Check One): ☑ Dependent ☐ Independent
27 (a) Adjusted Gross Income (See Instructions) $ 50177 .00
28 Estimated Cost of Attendance: $ 5659 .00
29 Estimated Financial Aid: $ 375 .00
29 (a) Expected Family Contribution (See Inst.): $ 1750 .00
30 Difference (Item 28) Less Item 29 and 29(a): $ 3534 .00
31 Academic Status: Cumulative Grade Point Average 2.0 of 4.0

31 (a) Beginning Date of Terms Covered

| | Mo | Day | Yr | Amount |
|---|---|---|---|---|
| #1 | 1 | 8 | 86 | $ 1250 00 |
| #2 | 6 | 4 | 86 | $ 1250 .00 |
| #3 | | | | $ .00 |
| #4 | | | | $ 00 |
| TOTAL OF DISBURSEMENTS | | | | $ 2500 00 |

32 My signature below certifies I have read and agreed to the "EDUCATIONAL INSTITUTION CERTIFICATION" printed on the REVERSE of this APPLICATION
Signature of Authorized School Official: [signature] Print or Type Name and Title: Joseph L. Coleman, Fin. Aid Dir. Date: 2/5/86

## SECTION III - TO BE COMPLETED BY THE LENDER

33 Name of Lending Institution: Glendale Federal
34 Address: 301 E. Las Olas Blvd.
City: Ft. Lauderdale State: FL Zip Code: 33301
35 Area Code/Phone No (305) 763-1121
36 Lender Code: 826762

37 Disbursement

| | Mo | Day | Yr | Amount |
|---|---|---|---|---|
| #1 | 02 | 28 | 86 | $ 1250 .00 |
| #2 | 05 | 30 | 86 | $ 1250 .00 |
| #3 | | | | $ 00 |
| TOTAL AMOUNT LENDER APPROVES | | | | $ 2500 00 |

38 Length of Grace Period: (6) 9 10 11 12
39 Signature of Authorized Lending Official: Susan S. Kline Print or Type Name and Title: Susan S. Kline ADO
40 Date: 02/18/86

## SECTION IV - PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

**I. Promise To Pay** I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order ... the sum of

Twenty Five Hundred and no/100 ($ 2500 00)
1A Requested Loan Amount - Must be the Same as Item 13

or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

50 0803 3641

I UNDERSTAND THAT THIS IS A ... SIGN THIS ... THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

1B Student Borrower Signature: Sandra Ellis Date: 1/22/86

**NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side.**

LENDER COPY 1

# Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due** I will repay this loan: 1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or 2) in full immediately if I fail to enroll and attend at the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying, at an eligible school approved by the Guarantor, at least one half the normal full time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier. My due date will be indicated on the Repayment Schedule.

**III. Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans [illegible] rate of 7%, 8% or 9% [illegible]

[illegible] applicable interest rate [illegible] to collect from me any interest which the United States Government [illegible]. When this note becomes due I may either pay the total interest due [illegible] interest may be added, in accordance with State and Federal regulations governing the Guaranteed Student Loan Program, to the principal balance due to be repaid with interest installments. Once the repayment [illegible] the interest on this loan except that if the interest [illegible] payable by the United States Government [illegible]

this Note. All payments will be made to your address [illegible] Loan Guarantee and Disclosure Statement [illegible]

**IV. Origination and Guarantee Fees** [illegible] as authorized by federal law, not to exceed [illegible] of the amount [illegible] on the Notice of Loan Guarantee and Disclosure Statement [illegible] returned uncashed to you, I will be entitled to a refund [illegible] prior to such disbursement. I will pay you a guarantee fee [illegible] the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the [illegible]

[illegible] anticipated disbursement date as indicated by the lender in Section II of the application until the expiration of my grace period following the graduation or course completion date indicated by the School in Section II of my application for this loan. No part of the guarantee fee will be refunded to me unless the loan check is returned to you within 60 days after the disbursement date, in which case the total fee will be refunded. The origination fee and the guarantee fee may both be deducted from the proceeds of the loan.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if any payment has not reached you within the number of days after it is due as specified on the Repayment Schedule or I fail to meet the terms of the Application Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to honor the obligation [illegible]

[illegible] days if I repay in less frequent installments, or 2) if I do not notify you of a change in my name, address or school enrollment status within 10 days, or 3) break any of my other promises under this agreement, or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default I will still be required to pay interest on this loan as provided in Interest Paragraph III from the date of default. [illegible] default also makes me ineligible for the benefits described under Deferment Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within [illegible] days after its due date you may, if permitted by law, bill me for a late charge on the payment [illegible]

**VII. Additional Agreements** [illegible]

Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 4) If the Florida Department of Education is required under its guarantee to repay my loan(s) because I have defaulted, The Florida Department of Education will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the Guaranteed Student Loan Program regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** You will let me pay interest only, if such interest is not paid by the United States Government, and let me defer making principal payments on this Note as provided below if my repayment period has begun, I am not in default and I can provide you with written evidence that I qualify for the deferment [illegible] enrolled [illegible]

[illegible] program [illegible] of Education or [illegible] program [illegible] approved by the Secretary [illegible] full-time student at an institution of higher education or vocational [illegible] operated by an agency of the United States Government [illegible]

[illegible] of the Internal Revenue [illegible]

**IX. Repayment** All right, title, and interest of the undersigned is hereby assigned, without warranty, except that the holder [illegible] Florida Department of Education [illegible]

[illegible] dic installments [illegible] unpaid balance [illegible] unless 1) [illegible] Promissory Note [illegible] due because of Item [illegible] Date Note Comes Due Paragraph II [illegible] Repayment Schedule [illegible] terms including the beginning due date that will become part of this Promissory Note. The Repayment Schedule may include all [illegible] Guaranteed Student Loan Program [illegible] not less than [illegible] period will not be longer than 15 years from the date of my original Note [illegible]

CSX STUDENT LOAN SERVICES

[illegible] my option I may agree to a repayment period of less than 5 years. [illegible] later time [illegible] so that the total repayment period is not less than 5 years provided however that if my loan(s) is disbursed on or after October 1, 1981, my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), the Guaranteed Parent Loan Program (GPLP) or the [illegible] Part B of the Higher Education Act shall not be less than $600 per year including payments by my spouse on any loan [illegible] interest [illegible] than 5 years [illegible]

CSX STUDENT LOAN SERVICES

Date: 10-8-90

**X. Prepayment** [illegible]

**XI. Credit Bureau Notification** [illegible] and adversely affect my credit rating. If not otherwise prohibited by law, the lender or the Florida Department of Education may disclose information about the status of the loan to any credit bureau.

## Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I the borrower certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 22. I certify that the total amount of loans received under the Guaranteed Student Loan Program Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a repayment on a Pell Grant, Supplemental Grant or State Student Incentive Grant and am not now in default on a National Direct Student Loan or a Guaranteed Student Loan or a Federally insured Student Loan or a PLUS loan. I further authorize my lending institution to issue a check covering the proceeds of my loan in full or in part made payable to me, or at the lender's option, jointly payable to me and the school and sent to the school named in Section II or at the lender's option to me. I [illegible] and understand the "Statement of Borrower's Rights [illegible] Responsibilities" supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount as determined by the lender [illegible] period [illegible] and agree that if the [illegible] Loan Guarantee and Disclosure Statement conflicts with the information [illegible] Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

# FLORIDA APPLICATION/PROMISSORY NOTE FOR A STUDENT LOAN AND LOAN GUARANTEE

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1097-4

## SECTION I TO BE COMPLETED BY THE STUDENT-READ THE INSTRUCTIONS

1. Social Security Number: 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
2. Last Name (Please Print): Ellis — First: Sandra — Middle/Maiden: B
3. Birth Date: Mo. 6 Day 17 Yr. 65
4. Permanent Home Address: Street 5001 ½ N.W. 16th St. — City: Fort Lauderdale — State: Florida — Zip Code: 33313
5. Area Code-Phone No. for Item 4: (305) 486-2800
6. U.S. Citizenship Status: [x] (a) U.S. Citizen [ ] (c) Neither [ ] (b) Eligible Non-Citizen — Alien Registration N- Form No.
7. Total Number of Borrower's Dependents: 0 — List Ages: 21
8. Permanent Resident of (State Name): Florida — Since: Mo. 6 Yr. 81
8.(a) County Code (See Table): 06
9. Intended Enrollment Status: [x] Full Time [ ] Half-Time but Less Than Full Time [ ] Less Than Half-Time (Not Eligible)
10. Major Course of Study: Registered Nurse
11. While in School, You Intend to Live (Check One): [ ] With Parents [x] On Campus [ ] Off Campus
12. Prior to the academic year for which this loan is requested, have you ever been enrolled in any school beyond the high school level? [x] Yes [ ] No
13. Requested Loan Amount: $2500.00
14. Loan Period From Mo. 1 Yr. 86 To Mo. 7 Yr. 86
15. Have you ever defaulted on an education loan? [ ] Yes [x] No — If yes, give details on a separate sheet of paper including what arrangements have been made, if any, to repay this debt
16. Do you have any outstanding education loans? [x] Yes [ ] No — If yes, list below. Attach a separate sheet if more space is required. If no, write "none."

| 17. Name of Lender | City and State of Lender | Phone No. | Type of Program | Loan Period (Mo./Yr.) From | To | Unpaid Balance |
|---|---|---|---|---|---|---|
| Glendale Federal | Fort Laud. Broward | (305) 763-1121 | (A) B C | 1/86 | 7/86 | 2,500.0 |
| | | ( ) | A B C | | | .0 |
| | | ( ) | A B C | | | .0 |

LaVerne Ellis — 1660 NW 19 Ct. Ft. Laud. F. 33311 (305) 486-2800 ...
Edgeton Fraize — 1518 NW 14 Court Ft. Laud. FL 33311 ...
Grandfather ...

20. Name of School: Bethune-Cookman College
21. Address: 640 Second Avenue — City: Daytona Beach — State: FL — Zip Code: 32015
22. Loan Period (Mo./Day/Yr.) From 08 | 27 | 86 To 12 | 17 | 86
23. Borrower's Grade Level: 2
24. Anticipated Graduation Date: Mo. 04 Yr. 89
25. School Code: 001467
26. Area Code/Phone Number: (904) 255-1401
27. Dependency Status (Check One)
27 (a) Adjusted Gross Income
28. Estimated Cost of Attendance: $ 4060.00
29. Estimated Financial Aid: $ 400.00
29.(a) Expected Family Contribution (See Inst.): $ 1080.00
30. Difference (Item 28) Less Item 29 and 29(a): $ 2580.00
Cumulative Grade Point Average: 2.80 of 4.0

| 31 (a) Beginning Date of Terms Covered | | | | Amount |
|---|---|---|---|---|
| #1 | | | | |
| #2 | | | | $ .00 |
| #3 | | | | $ .00 |
| #4 | | | | $ .00 |
| TOTAL OF DISBURSEMENTS | | | | $ 2500.00 |

32. My signature below certifies I have read and agreed to the "EDUCATIONAL INSTITUTION CERTIFICATION" printed on the REVERSE of this APPLICATION
Signature of Authorized School Official: [signature] — Print or Type Name and Title: Joseph L. Coleman, Financial Aid Director — Date: 10/3/86

33. Name of Lending Institution: ~~Florida Federal Savings & Loan~~ GLENDALE FEDERAL STUDENT LOAN DEPARTMENT
34. Address: ~~P.O. Box 31547~~ 301 E. LAS OLAS BLVD. P. O. BOX 14370 FT. LAUDERDALE, FLORIDA 33302
City: ~~St. Petersburg~~ — State: Florida — Zip Code: ~~33732-1547~~
35. Area Code/Phone No.: (~~813~~) ~~577-8787~~ 305 763-1121
36. Lender Code: ~~#840588~~ 826762

| 37. Loan Disbursement Date(s) | Mo. | Day | Yr. | Loan Disbursement Amt's |
|---|---|---|---|---|
| #1 | 10 | 24 | 86 | $ 2500.00 |
| #2 | | | | $ .00 |
| #3 | | | | $ .00 |
| TOTAL AMOUNT LENDER APPROVES | | | | $ 2500.00 |

38. Length of Grace Period: (6) 9 10 11 12
39. Signature of Authorized Lending Official: Susan S. Klene — Print or Type Name and Title: BDO
40. Date: 10/13/86

## SECTION IV PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

**I. Promise To Pay** I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order (as shown in Section III) ~~due or~~ set forth in Paragraph II, the sum of Twenty-Five Hundred DOLLARS ($ 2,500.00)

I.A. Requested Loan Amount—Must be the Same as Item 13

or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VIII. If I fail to pay any of these amounts when they are due, I will pay your charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

I.B. Student Borrower Signature: Sandra Ellis — Date: 10/1/86

NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side.

## Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due** I will repay this loan: 1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or 2) in full immediately if I fail to enroll and attend at the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying at an eligible school approved by the Guarantor, at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier. My due date will be indicated on the Repayment Schedule.

**III. Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans, my interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. You will not attempt to collect from me any interest which the United States Government will pay for me. When this note becomes due I may either pay the total interest due from me or such interest may be added, in accordance with State and Federal regulations governing the Guaranteed Student Loan Program, to the principal balance due to be repaid with interest, in installments. Once the repayment period begins, I will pay all the interest on this loan, except that if the interest occurring on this loan prior to the repayment period was payable by the United States Government, the United States Government will pay the interest that occurs during any period described under Deferment, Paragraph VIII in this Note. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address which you provide to me.

**IV. Origination and Guarantee Fees** I will pay you an origination fee as authorized by federal law, not to exceed 5% of the amount loaned to me as identified on the Notice of Loan Guarantee and Disclosure Statement. If any loan check is returned uncashed to you, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay you a guarantee fee, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the Guarantor to pay for its guarantee of this Note. The guarantee fee, in an amount not to exceed one percent (1%) per annum, is calculated on the amount of this loan from the anticipated disbursement date as indicated by the Lender in Section III of the application until the expiration of my grace period following the graduation or course completion date indicated by the School in Section II of my application for this loan. [illegible] fee will be [illegible] disbursement date, in which case the total fee will be [illegible]. The origination fee [illegible] may both be deducted from the proceeds of my loan.

[illegible] the outstanding principal balance plus any unpaid interest [illegible] at once (subject to any law which gives me a right to cure my default) if: 1) any payment has not reached you within the number of days after it is due as specified on the Repayment Schedule, or I fail to meet the terms of the Application/Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 120 days if I pay in monthly installments; or (b) 180 days if I repay in less frequent installments; or 2) I fail to notify you of a change in my name, address or school enrollment status within 10 days; or 3) I break any of my other promises under this agreement; or 4) I make any false written statement in applying for [illegible] this loan. [illegible] checking and/or savings account I have with you, if not prohibited by law, but not [illegible] of the proceeds of any other property of mine which you have [illegible] any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. [illegible] default also makes me ineligible for the benefits described under Deferment, Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within [illegible] days after its due date you may, if permitted by law, bill me for a late charge of the maximum rate permitted. If a payment is late, I may be charged five dollars ($5.00) or five percent (5%) of the payment, whichever is less.

**VII. Additional Agreements** 1) The proceeds of this loan [illegible] for my educational expenses at the school indicated in Section II of my application. 2) [illegible] any term of this Note is not a waiver of your rights. No provision of this Note [illegible] waived or modified except in writing. 4) If the Florida Department of Education is required under its guarantee to repay my loan(s) because I have defaulted, the Florida Department of Education will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the Guaranteed Student Loan Program regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** You will let me pay interest only, if such interest is not paid by the United States Government, and let me defer making principal payments on this Note as provided below if my repayment period has begun, I am not in default and I can provide you with written evidence that I qualify for the deferment: 1) While I am enrolled a) at a participating school in full-time study, as determined by that school; however, to obtain a deferment to attend a school not located in the United States I must be a citizen or national of the United States; or b) in a graduate fellowship program approved by the Secretary of Education or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education, or d) as a full time student at an institution of higher education or vocational school which is operated by an agency of the United States Government. 2) For periods not exceeding 3 years for each of the following while I am a) on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service, or b) serving as a Peace Corps volunteer or c) serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (e.g., VISTA) or d) [illegible] in the Peace Corps or ACTION programs; e) temporarily totally disabled as established by affidavit of a qualified physician or [illegible] unable to work because I am providing care required by a [illegible] totally disabled as established [illegible] qualified physician. 3) For a period not exceeding 2 years while I am serving an internship that the Secretary of Education has determined is needed to gain professional recognition required to begin professional practice or service. 4) For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic installments with interest at the rate indicated in Interest, Paragraph III [illegible] Paragraph [illegible] the date of this Promissory Note [illegible] repayment [illegible] include all [illegible] you under the Florida Guaranteed [illegible] Program. The Repayment Schedule will require me to make monthly payments [illegible] of not less than 5 nor more than 10 years after this Note becomes due. The repayment period will not be longer than 15 years from the date of my original Note not counting periods for which I am granted any authorized deferment outlined in Deferment, Paragraph VIII or forbearance. My original in-school period is counted in this 15 year requirement. At my option I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is no less than 5 years, provided, however, that if my loan(s) is disbursed on or after [illegible] Guaranteed Student Loan Program [illegible] Loan Program (GSLP) or the PLUS Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loans under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a refund of any unearned interest that I have paid.

**XI. Credit Bureau Notification** If I default on this loan, you or the Guarantor may report the default to credit bureau organizations. [illegible]

## Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 22. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a repayment on a Pell Grant, Supplemental Grant, or State Student Incentive Grant and am not now in default on a National Direct Student Loan or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named in Section II or at the lender's option, to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, grace period, and [illegible] and agree that if the [illegible] Loan Guarantee [illegible] conflicts with the [illegible] Promissory Note, the information on the Notice of Loan Guarantee and Disclosure [illegible] applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

Pay to the order of [illegible] all rights, title and interest [illegible] hereby assigned [illegible] except [illegible] to State [illegible]
CSI FINANCIAL SERVICES
CYBERNETICS & SYSTEMS
Authorized Agent of Student Loan Marketing Association
CSI Financial Services
[illegible] 29-88

BEST COPY AVAILABLE
AT TIME OF IMAGING

FLORIDA ... STUDENT LOAN AND LOAN GUARANTEE

... MAKES A FALSE STATEMENT ... TO PENALTIES WHICH MAY INCLUDE ... IMPRISONMENT ...

**SECTION I. TO BE COMPLETED BY THE STUDENT**

AUG 14 1987

1. Social Security Number: 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
2. Last Name (Please Print): Ellis — Middle/Maiden: Beverly
3. Birth Date: 6 17 65
4. Permanent Home Address: Street 5001 NW 16th St; City Lauderhill; State Fl; Zip Code 33313
5. Area Code-Phone No.: (305) 486-2800
6. U.S. Citizenship Status — Alien Registration
7. Total Number of Borrower's Dependents: 0
8. Permanent Resident of (State Name): FL
8 (a) County Code (See Table)

(b) Eligible Non-Citizen, Form No.

9. Intended Enrollment Status: Full Time / Half-Time but Less Than Full Time
10. Major Course of Study: Medical
11. While You Intend ...

This loan is requested ... been enrolled in any ...

16. Do you have any outstanding education loans

| 17. Name of Lender | City and State | |
|---|---|---|
| Glendale | Ft. Lauderdale | ( ) 7... |
| | | |
| | | A B C |

18. Name of Parent, Guardian ... Relative

Ellis
Wanda Brown

19. Name and Address of Lender Who Will Process: Glendale

**SECTION II. TO BE COMPLETED ...**

20. Name of School: N. College of Medical & Dental Careers ... 11/87
21. Address: 6358 N. Andrews
City: Ft. Lauderdale; State: Fl; Zip Code: 33309
23. Borrower's Grade Level: 1
24. Anticipated Graduation Date
25. School Code: 032251
26. ... ( ) 491-0828

27. Dependency Status (Check One): ☒ Dependent ☐ Independent

27 (a) Adjusted Gross Income (See Instructions) $ 0 .00

28. Estimated Cost of Attendance: $ 6590 .00
29. Estimated ...: $ 2100 .00
29. (a) Expected Family Contribution (See Inst.): $ 622 .00
30. Difference (Item 28) Less Item 29 and 29(a): $ 3868 .00

Cumulative Grade Point Average: N/A

| Disbursement | Mo | Day | Yr | Amount |
|---|---|---|---|---|
| #2 | | | | |
| #3 | | | | $ .00 |
| #4 | | | | $ .00 |
| TOTAL OF DISBURSEMENTS | | | | $ 2125 .00 |

32. ... certify ... have read and agree to the EDUCATIONAL INSTITUTION CERTIFICATION printed on the REVERSE of ...

Signature of Authorized School Official — Print or Type Name and Title

**SECTION III. TO BE COMPLETED BY THE ...**

33. Name of Lending Institution: Glendale Federal Bay Colony Office — #19
34. Address: 301 E. Las Olas Blvd.
City: Ft. Lauderdale; State: FL; Zip Code: 33301

| Disbursement | Mo | Day | Yr | Amount |
|---|---|---|---|---|
| #1 | 8 | 28 | 87 | $ 2625 .00 |
| #2 | | | | $ .00 |
| #3 | | | | $ .00 |
| TOTAL AMOUNT LENDER APPROVES | | | | $ 2625 .00 |

35. Area Code/Phone No.: ( 305 ) 763-1121
36. Lender Code: 826762
38. Length of Grace Period: (6) 9 10 11 12
39. Signature of Authorized Lending Official: Anne H. Cisco
Print or Type Name and Title: ALR
40 Date: 8-14-87

**SECTION IV. PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN**

**I. Promise To Pay** I, the undersigned ... identified in **Section I, Item 2, promise to pay to you** or your ... this note becomes due as set forth in Paragraph II, the sum of

Two thousand six hundred twenty-five Dollars $2625 .00

I.A. Requested Loan Amount—Must be the Same as Item 13

or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

NOTE, THE NOTICE OF LOAN ... STATEMENT AND ANY AGREEMENT ... PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

Sandra Ellis — 8/12/87
TO Student Borrower Signature — Date

... continued on the reverse side

# Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due** I will repay this loan: 1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or 2) in full immediately if I fail to enroll and attend in the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins immediately after I leave school or stop carrying, at an eligible school approved by the Guarantor, at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier. My due date will be indicated on the Repayment Schedule.

**III. Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans, my interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. You will not attempt to collect from me any interest which the United States Government will pay for me. When this note becomes due I may either pay the total interest due from me or such interest may be added in accordance with State and Federal regulations governing the Guaranteed Student Loan Program, to the principal balance due to be repaid with interest, in installments. Once the repayment period begins, I will pay all the interest on this loan, except that if the interest occurring on this loan prior to the repayment period was payable by the United States Government, the United States Government will pay the interest that occurs [illegible] Under Deferment, Paragraph VIII in this Note. All payments [illegible] dicated on the Notice of Loan Guarantee and Disclosure Statement [illegible] which you [illegible] to me.

**IV. Origination and Guarantee Fees** I will pay [illegible] of the amount loaned to me [illegible] [illegible] to you, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay you a guarantee fee, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the Guarantor to pay for its guarantee of this Note. The guarantee fee, in an amount not to exceed one percent (1%) per annum, is calculated on the amount of this loan from the anticipated disbursement date as indicated by the Lender in Section III of the application until the expiration of my grace period following the graduation or course completion date indicated [illegible] Section II of my application for this loan. No part of the guarantee fee will be refunded to me unless the loan check is returned to you within 60 days after the disbursement date, in which case the total fee will be refunded. The origination fee and the guarantee fee may both be deducted from the proceeds of my loan.

**V. Default** I will be in default and you have the right to [illegible] outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if: 1) any payment has not reached you within the number of days after it is due as specified on the Repayment Schedule, or I fail to meet the terms of the Application / Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 180 days if I repay in monthly installments; or (b) 240 days if I repay in less frequent installments; or 2) I fail to notify you of a change in my name, address or school enrollment status within 10 days; or 3) I break any of my other promises under this agreement; or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. Without giving such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and / or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. A default also makes me ineligible for the benefits described under Deferment, Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within ten (10) days after its due date you may, if permitted by law, bill me for a late charge at the maximum rate permitted. If a payment is late, I may be charged five dollars ($5.00) or five percent (5%) of the payment, whichever is less.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my educational expenses at the school indicated in Section [illegible] [illegible] notice required [illegible] [illegible] for me. 3) Your failure to enforce [illegible] term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 4) If the Florida Department of Education is required under its guaranty to repay my loan(s) because I have defaulted, The Florida Department of Education will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must [illegible] even though I [illegible] of age. 6) If I am unable to make [illegible] payments for reasons of hardship, I may be eligible for forbearance as provided for in the Guaranteed Student Loan Program regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me, and my mean the borrower identified in Item 1 of Section I of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** You will let me pay interest only, if such interest is not paid by the United States Government, and let me defer making principal payments on this Note as provided below if my repayment period has begun, I am not in default and I can provide you with written evidence that I qualify for the deferment: 1) While I am enrolled: a) at a participating school in full-time study, as determined by that school, however, to obtain a deferment to attend a school not located in the United States I must be a citizen or national of the United States; or b) in a graduate fellowship program approved by the Secretary of Education; or c) in a rehabilitation training program for disabled [illegible] Secretary of Education [illegible] vocational school which is operated by an agency of the United States Government [illegible] periods not exceeding 3 years [illegible] of the following while I am [illegible] Armed Forces [illegible] serving as an officer in [illegible] the United [illegible] [illegible] [illegible] [illegible] is needed to gain professional [illegible] Secretary of Education has determined is needed to gain professional [illegible] to begin professional [illegible] 4) For a single period [illegible] while I am [illegible] seeking but unable to find full-time employment in the United States.

**IX. Repayment** [illegible] [illegible] interest [illegible] balance from the due date [illegible] this Promissory Note until the [illegible] [illegible] become due because [illegible] of this Promissory [illegible] [illegible] Promissory Note. The repayment schedule may include all loans I have [illegible] under the Florida Guaranteed Student Loan Program. The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. The repayment period will not be longer than 15 years from the date of my original Note [illegible] periods for which I am [illegible] ment outlined in Deferment [illegible] forbearance. My original in-school period is counted in this 15 year requirement. At my option I may agree to a repayment period that is shorter than 5 years. I may at any time have the repayment period extended to [illegible] total repayment [illegible] 5 years, provided, however [illegible] [illegible] my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), the Guaranteed Parent Loan Program (GPLP), or the PLUS Program [illegible] the Higher Education Act shall not be less than $600 per year [illegible] spouse on any loan under such programs (or the balance [illegible] crued interest [illegible] even though this may result in a repayment period shorter than 5 years.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a [illegible] [illegible] [illegible] [illegible] this loan to any credit [illegible] [illegible] Department of Education.

**Borrower Certification**

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to [illegible] the loan period stated in Item 22. I certify that the total amount [illegible] Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-[illegible]) [illegible] ceed the allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, State Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant and am not now in default on a National Direct Student Loan, (formerly National Defense Student Loan), a Guaranteed Student Loan, a Federally Insured Student Loan, or a PLUS or ALAS loan received for attendance at any school. I further authorize my lending institution to [illegible] of my loan, in full or in part, made payable [illegible] at the lender's option, jointly payable to me and the school, and sent to the school named in Section [illegible]. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application. [illegible] Guarantee and Disclosure Statement that [illegible] my loan [illegible] by the [illegible]

NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.

(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

CIV-DIMITROULEAS 6093

SANDRA ELLIS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD (IN U.S. PLAINTIFF CASES ONLY)

MAGISTRATE JUDGE JOHNSON

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B-Broward | 00cv6093 | Dimitrouleas | Johnson

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT
99 N.E. 4th Street suite 300
Miami, FL 33132-2111 (305)961-9311

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions
- A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARNATOR OF A DEFAULTED FEDERAL STUDENT LOAN 34 CFR 682.100 (4) (d)

LENGTH OF TRIAL via 0 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 12,286.16 plus interest and costs

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES [X] NO

**VIII. RELATED CASE(S)** (See instructions): IF ANY JUDGE ______ DOCKET NUMBER ______

DATE 1/19/00 SIGNATURE OF ATTORNEY OF RECORD [signature] Mary F. Dooley

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______